UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRASER ROTCHFORD,

                              Plaintiff,

        v.

DISCOVERY BEHAVIORAL HEALTH,

                              Defendant.

Case No. 2:19-cv-00360-RJB-TLF

ORDER TO SHOW CAUSE OR
AMEND THE COMPLAINT

        This matter is before the Court on plaintiff's filing of a civil rights complaint. Plaintiff

has been granted *in forma pauperis* status in this matter and is proceeding *pro se*. Considering

deficiencies in the complaint discussed below, however, the undersigned will not direct service

of the complaint at this time. On or before June 21, 2019, plaintiff must either show cause why

this cause of action should not be dismissed or file an amended complaint.

DISCUSSION

*Liability of Private Party*

        To state a claim under § 1983, a complaint must allege: (i) the conduct complained of

was committed by a person acting under color of state law and (ii) the conduct deprived a person

of a right, privilege, or immunity secured by the Constitution or laws of the United States.

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 1

*Parratt v. Taylor*, 451 U.S. 527, 535, *overruled on other grounds*, *Daniels v. Williams*, 474 U.S.

327 (1986). Generally, private actors are not acting under color of state law. *See Price v. Hawaii*,

939 F.2d 702, 707–08 (9th Cir. 1991).

To determine whether a private actor acts under color of state law for § 1983 purposes,

the Court looks to whether the conduct causing the alleged deprivation of federal rights is "fairly

attributable" to the state. *Price*, 939 F.2d at 707–08. Conduct may be fairly attributable to the

state where (1) it results from a governmental policy and (2) the defendant is someone who fairly

may be said to be a governmental actor. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826,

835 (9th Cir. 1999). A private actor may be considered a governmental actor if the private actor

conspires with a state actor or is jointly engaged with a state actor when undertaking a prohibited

action. *Tower v. Glover*, 467 U.S. 914, 920 (1984). Receiving federal funding and being required

to follow certain federal regulations does not turn a private entity into a government actor. *See*

*Witmer v. Greater Lakes Mental Healthcare*, No. C15-5039 BHS, 2016 WL 1161689, at *3

(W.D. Wash. 2016) (unpublished).

Here, Plaintiff has not alleged facts from which it may be fairly determined that

Discovery Behavioral Health was acting under color of state law. While plaintiff refers to the

organization as an "agency," defendant appears to be not a state actor but a private business that

provides counseling services to jail inmates. Dkt. 1-1, p. 3. In addition, plaintiff makes no

allegations that defendant conspired or acted in concert with a state actor. Plaintiff therefore must

show cause why his claims should not be dismissed on this basis.

*Rule 8(a)*

Under Federal Rule of Civil Procedure (FRCP) 8(a), a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Plaintiff must allege a plausible set of facts that would show he is entitled to any relief.

Here, plaintiff's complaint is not "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FRCP 8(a). It contains numerous accusations and anecdotes—pertaining to individuals and entities who are not parties in this case—that have no apparent connection to facts that would support plaintiff's claim. These digressions prevent the Court from assessing whether the complaint alleges facts that would show plaintiff is entitled to relief.

*Failure to State a Claim*

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). Leave to amend need not be granted, however, "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (internal citation omitted).

1      To state a § 1983 claim, a plaintiff must both: (1) allege his or her federal constitutional

2    or statutory rights were violated, and (2) show a person acting under color of state law deprived

3    him or her of those rights. *Naffe v. Frey*, 789 F.3d 1030, 1035-36 (9th Cir. 2015); *Tsao v. Desert*

4    *Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). Section 1983 is the appropriate avenue to

5    remedy an alleged wrong only if both elements are present. *Haygood v. Younger*, 769 F.2d 1350,

6    1354 (9th Cir. 1985). The plaintiff must show that the defendant personally participated in the

7    alleged deprivation of federal constitutional or statutory rights. *Jones v. Williams*, 297 F.3d 930,

8    934 (9th Cir. 2002); *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012).

9      Here, plaintiff names only Discovery Behavioral Health as a defendant. Dkt. 1-1, p. 2.

10    From the facts alleged, it appears that defendant is a private company that provides counseling to

11    some inmates at Jefferson County Jail. Dkt. 1-1, p. 3. As noted above, plaintiff fails to set forth

12    facts to show defendant was acting under color of state law at the time of the alleged harm.

13      Plaintiff appears to allege that defendant as an entity, or individuals who were working

14    for the defendant, denied him treatment after he had been "the target of abuse at the jail in 2018."

15    *Id.* at pp. 3-4. However, plaintiff has not identified specific acts and omissions of individuals

16    who work for the defendant entity. And he has not named such individuals as defendants. *See*

17    *Castro v. City of Los Angeles,* 833 F.3d 1060, 1067-1072, 1073-78 (9th Cir. 2016) (en banc). In

18    seeking to hold the entity liable, he has not alleged a policy, pattern, or practice causing a

19    violation of his constitutional or statutory rights. *Los Angeles Ct., Cal. v. Humphries,* 562 U.S.

20    29, 34 (2010). He has not identified specific dates when individuals committed their acts or

21    omissions or when he was harmed by a policy, pattern, or practice of the entity. And he has not

22    satisfied the requirement that he establish causation—by showing that the acts or omissions of

23

24

25

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 4

1    individual defendants, or the policies, practices, or customs of an entity such as a municipality,

2    caused a constitutional deprivation. *Castro v. City of Los Angeles,* 833 F.3d 1060, 1075.

3        Liberally construing the complaint, plaintiff does not allege specific facts that, if true,

4    would demonstrate a violation of any federal constitutional or statutory right. Accordingly,

5    plaintiff has not stated a claim against the defendant under § 1983. For this additional reason,

6    plaintiff's complaint will not be served.

7        If plaintiff files an amended complaint, he is directed to write out short, plain statements

8    telling the Court: (1) the constitutional right plaintiff believes was violated, and how each of the

9    specific individual or entity defendants was acting under color of state law; (2) the name of the

10    individual and/or entity (defendant) who violated the right; (3) exactly what that individual

11    and/or entity did or failed to do; (4) how the action or inaction of that individual; or the policy,

12    practice, or custom of the entity is connected to the violation of plaintiff's constitutional rights;

13    and (5) what specific injury plaintiff suffered because of that person's conduct. *See Rizzo v.*

14    *Goode*, 423 U.S. 362, 371–72 (1976). Plaintiff must repeat this process for each person or entity

15    he names as a defendant.

16                                 CONCLUSION

17        Accordingly, plaintiff shall show cause why his complaint should not be dismissed or file

18    an amended complaint to cure those deficiencies, if possible, **on or before June 21, 2019**. If an

19    amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the

20    same case number. Any cause of action alleged in the original complaint that is not alleged in the

21    amended complaint is waived. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

22        The Court will screen the amended complaint to determine whether it states a claim for

23    relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to

24

25

adequately address the issues raised herein, the undersigned will recommend dismissal of this

action under 28 U.S.C. § 1915, and the dismissal may count as a "strike" under 28 U.S.C. §

1915(g). Plaintiff should be aware that a prisoner who brings three or more civil actions or

appeals that are dismissed on the grounds that they are legally frivolous, malicious, or fail to

state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis*,

"unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

Dated this 22nd day of May, 2019.


Theresa L. Fricke
United States Magistrate Judge