# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

FRASER ROTCHFORD,

    Plaintiff,

v.

DISCOVERY BEHAVIORAL HEALTH,

    Defendants.

Case No. C19-360 RJB-TLF

REPORT AND RECOMMENDATION

Noted for **July 17, 2019**

Plaintiff Fraser Rotchford filed a civil rights complaint with this Court on May 22, 2019. Plaintiff is proceeding *pro se* and *in forma pauperis* in this matter, which has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). The Court declined to serve the complaint because it contained numerous deficiencies. The Court ordered that he either amend his complaint or show cause as to why it should not be dismissed for failure to make a claim, giving plaintiff until June 21, 2019, to correct the deficiencies in his complaint. Dkt. 10. Plaintiff was further advised that if the amended complaint was not filed or if it failed to adequately address the deficiencies identified by the Court, the undersigned would recommend dismissal of this action under 28 U.S.C. § 1915, as frivolous or for failure to state a claim, and the dismissal would count as a "strike" under 28 U.S.C. § 1915(g). *Id.* To date, plaintiff has not amended his complaint or otherwise responded to the Court's order. For reasons set forth below, plaintiff's complaint remains fatally deficient.

Accordingly, the undersigned recommends that the Court dismiss this action without prejudice prior to service for failure to state a claim upon which relief may be granted. Alternatively, if the Court declines to adopt the above recommendation, the undersigned recommends the action be dismissed without prejudice based on plaintiff's failure to comply with a court order and prosecute his case. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *as amended* (May 22, 1992) ("[T]he district court may dismiss an action for failure to comply with any order of the court.")

## I. DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Construction, Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

The Court identified several deficiencies in plaintiff's complaint and provided him an opportunity to cure those deficiencies as described below. Dkt. 10.

A. *Failure to State a Claim*

To determine whether a private actor acts under color of state law for § 1983 purposes, the Court looks to whether the conduct causing the alleged deprivation of federal rights is "fairly attributable" to the state. *Price*, 939 F.2d at 707–08. Conduct may be fairly attributable to the state where (1) it results from a governmental policy and (2) the defendant is someone who fairly may be said to be a governmental actor. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). A private actor may be considered a governmental actor if the private actor conspires with a state actor or is jointly engaged with a state actor when undertaking a prohibited action. *Tower v. Glover*, 467 U.S. 914, 920 (1984). Receiving federal funding and being required to follow certain federal regulations does not turn a private entity into a government actor. *See Witmer v. Greater Lakes Mental Healthcare*, No. C15-5039 BHS, 2016 WL 1161689, at \*3 (W.D. Wash. 2016) (unpublished).

In his complaint, Plaintiff has not alleged facts from which it may be fairly determined that Discovery Behavioral Health was acting under color of state law. While plaintiff refers to

the organization as an "agency," defendant appears to be not a state actor but a private business that provides counseling services to jail inmates. Dkt. 9-1, p. 3. In addition, plaintiff makes no allegations that defendant conspired or acted in concert with a state actor.

Furthermore, plaintiff names only Discovery Behavioral Health as a defendant. Dkt. 1-1, p. 2. From the facts alleged, it appears that defendant is a private company that provides counseling to some inmates at Jefferson County Jail. Dkt. 1-1, p. 3. As noted above, plaintiff fails to set forth facts to show defendant was acting under color of state law at the time of the alleged harm.

Plaintiff appears to allege that defendant as an entity, or individuals who were working for the defendant, denied him treatment after he had been "the target of abuse at the jail in 2018." *Id.* at pp. 3-4. However, plaintiff has not identified specific acts and omissions of individuals who work for the defendant entity. And he has not named such individuals as defendants. *See Castro v. City of Los Angeles,* 833 F.3d 1060, 1067-1072, 1073-78 (9th Cir. 2016) (en banc). In seeking to hold the entity liable, he has not alleged a policy, pattern, or practice causing a violation of his constitutional or statutory rights. *Los Angeles Ct., Cal. v. Humphries,* 562 U.S. 29, 34 (2010). He has not identified specific dates when individuals committed their acts or omissions or when he was harmed by a policy, pattern, or practice of the entity. And he has not satisfied the requirement that he establish causation—by showing that the acts or omissions of individual defendants, or the policies, practices, or customs of an entity such as a municipality, caused a constitutional deprivation. *Castro v. City of Los Angeles,* 833 F.3d 1060, 1075.

Liberally construing the complaint, plaintiff does not allege specific facts that, if true, would demonstrate a violation of any federal constitutional or statutory right. Accordingly, plaintiff has not stated a claim against the defendant under § 1983.

B. *Failure to Amend*

Plaintiff was advised that his complaint, as written, fails to comply with the requirements of Rule 8. Dkt. 10. Plaintiff's complaint form (Dkt. 9-1, 7) fails to give this Court any specifics about the factual basis for any of his claims – instead, it contains numerous accusations and anecdotes—pertaining to individuals and entities who are not parties in this case—that have no apparent connection to facts that would support plaintiff's claim. These digressions prevent the Court from assessing whether the complaint alleges facts that would show plaintiff is entitled to relief. *Id.*

Plaintiff was advised that if he filed an amended complaint he should write out short, plain statements telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person (defendant) who violated the right; (3) exactly what that person did or failed to do; (4) how the action or inaction of that person is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of that person's conduct. *See id.; Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976).

Plaintiff was advised that he must repeat this process for each person he names as a defendant. Dkt. 9. Plaintiff was further advised that if he failed to affirmatively link the conduct of each named defendant with the specific injury suffered by plaintiff, the claim against that defendant will be dismissed for failure to state a claim. *Id.*

## II. CONCLUSION

Because plaintiff already has been granted the opportunity to state a viable constitutional claim by filing an amended complaint – but plaintiff has failed to amend his complaint, respond to the Court, or otherwise prosecute his claim– dismissal of this action is for failure to state a claim under 42 U.S.C. § 1983 is proper.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRC P 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **July 17, 2019**, as noted in the caption.

Dated this 3rd day of July, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6